

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. M. Wilshire
County Attorney, Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-5738
Re: Commissions on fines actually
collected by the constable
should be paid to the con-
stable under the facts
stated.

· Your letter of November 30, 1943, requesting the opinion of this department on the question stated therein reads, in part, as follows:

"When an enforcement officer of the Railroad Commission in the weight and measure Department makes an arrest and takes the defendant to a Justice of the Peace and is fined as I understand 85 percent of the fine goes to the State, 10 percent to the County Attorney, Does the remaining five percent go to the Sheriff of the County, or where is it to be paid?

Your letter of January 25, 1944, supplementing your letter of November 30th, 1943, is, in part, as follows:

"The Statutes that the defendants violated are Penal Code 327a Sec. 5-5a-5b-6 and 9c and in the cases the Constable of the Justice Precinct in which the alleged violations occured actually collected the fines from the defendants, in some of the cases the enforcement officer of the Railroad Commission signed the complaints and in others the Constable signed the complaints but the Constable made the returns on the warrants of arrest after the Justice of the Peace issued them and then in all the cases the enforcement officer of the R. R. Com. collected eighty-five of the fine for the State of Texas."

Articles 950 and 951, Vernon's Annotated Code of Criminal Procedure, provide:

> "Art. 950. The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in w ich said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

> "Art. 951. The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

This department has repeatedly held that sheriffs and constables are entitled to five per cent commission on fines when such fines are actually collected by the sheriff or constable.

Referring to Articles 950 and 951, Vernon's Annotated Code of Criminal Procedure, it is stated in Texas Jurisprudence, Vol. 19, Page 655, as follows:

> "Before paying over the amount of the fine which has been collected in the name of or for the use of the State or county, the officers who are responsible for the collection are entitled to collect as commission fifteen per cent of the amount, ten per cent for the district or county attorney, and five per cent for the clerk of the court or other officer charged by law with the collection of the fine * * *"

It is noted that you specifically state that the "constable of the justice precinct in which the alleged violations occurred actually collected the fines from the defendants." This being true, the constable would be entitled

to the five per cent commission inquired about.

In connection with the foregoing statement it should be borne in mind that if the constable is compensated on an annual salary basis, the commission would be paid into the Officers' Salary Fund of the county and could not be personally retained by the constable. However, on the other hand, if the constable is compensated on a fee basis, he is entitled to personally retain such commissions as fees of office as authorized by law governing such fees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

    Ardell Williams
    Assistant

FEB 8, 1944



TEXAS

APPROVED

OPINION
COMMITTEE
BY
CHAIRMAN